# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROL HERNANDEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS, *et. al*,<br><br>      Defendant. | 2:10-cv-01421-RLH -VCF<br><br>**ORDER** |

  Before the court is the parties' Stipulation and Protective Order (#43) which the court approves. This order reminds counsel that there is a presumption of public access to judicial files and records. Paragraph 12 of the stipulation and protective order states that "[i]f a party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal."  (#43).

  While this language is not inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) regarding filing confidential documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties must comply with those directives as follows:

>  Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
>  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

1    *Id*. at 1178-79 (citations omitted).

2    To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1.   The parties shall comply with the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

2.   The parties' Stipulation and Protective Order (#43) is **APPROVED.**

Dated this 6th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
(702) 309-3333
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

* * * * *

| | |
|---|---|
| CAROL HERNANDEZ, individually;<br><br>Plaintiffs,<br>vs.<br><br>CITY OF NORTH LAS VEGAS, a corporate City of the State of Nevada; the NORTH LAS VEGAS POLICE DEPARTMENT, an entity of the CITY OF NORTH LAS VEGAS; OFFICER MICHAEL ALLEN #1074, individually and in his official capacity; SGT. JOHN SANDERS #1244, individually and in his official capacity; LT. EDMOND FINIZIE, #694, individually and in his official capacity; CAPT. JUSTIN ROBERTS #1078, individually and in his official capacity; SGT. RANDY LASWELL # 1079, individually and in his official capacity; OFC. KATHRYNE BUEHLER, individually and in her official capacity, DOE OFFICERS I though X, individually and in his official capacity; and DOES XI through XX, and ROES XXI through XXX, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-01421-RLH-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiff CAROL HERNANDEZ and Defendants, the CITY OF NORTH LAS VEGAS, the CITY OF NORTH LAS VEGAS POLICE DEPARTMENT, OFFICER MICHAEL ALLEN, SGT. JOHN SANDERS, LT. EDMOND FINIZIE, CAPT. JUSTINE ROBERTS, SGT. RANDY LASWELL, and OFFICER KATHRYNE BUEHLER, agree and stipulate as follows:

1. The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of documents produced by the parties in response to discovery requests from the parties.

2.  Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

3.  Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be disclosed only to employees or agents of the City of North Las Vegas or the City of North Las Vegas Police Department, and the following persons:

(a) counsel of record for Plaintiff;

(b) counsel of record for Defendants;

(c) the non-technical and clerical staff employed by counsel of record;

(d) interpreters and copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case;

(e) any private court reporter retained by counsel for depositions in this case;

(f) subject to the terms of paragraph 5, persons retained by counsel to serve as expert witnesses or consultants in this case; and

(g) personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, to the extent deemed necessary by the Court.

4.  If counsel for a Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 3, that counsel shall set forth the grounds for the disclosure and seek the written consent of counsel for the Designating

Page 2

1 Party. The Designating Party shall respond to the Receiving Party's request within seven
2 calendar days unless the Receiving Party agrees to a longer period. If counsel for the
3 Designating Party does not consent, counsel for the Receiving Party and counsel for the
4 Designating Party shall within five court days of the Designating Party's response meet and
5 confer in person or telephonically regarding the issue, during which meeting and
6 conference counsel for the Receiving Party shall specify the reasons why disclosure is
7 necessary. If any agreement is not reached, the Designating Party shall move the Court
8 within the ten calendar days of the meeting and conference for a protective order
9 preventing disclosure. The Receiving Party shall not disclose the document unless the
10 Designating Party has failed to file a motion within the time allowed or the Court has
11 denied the motion.

12     5.    If counsel for the Receiving Party determines that it is necessary to disclose
13 any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an expert
14 or consultants retained to render professional services in this case, that counsel shall notify
15 counsel for the Designating Party in writing at least seven days before the proposed
16 disclosure with the name of the expert or consultant. The Designating Party shall respond
17 to the Receiving Party's notification within seven calendar days unless the Receiving Party
18 agrees to a longer period. If counsel for the Designating Party objects, counsel for the
19 Receiving Party and counsel for the Designating Party shall within five court days of the
20 Designating Party's response meet and confer in person or telephonically regarding the
21 issue. If an agreement is not reached, the Designating Party shall move the court within
22 ten calendar days of the meeting and conference for a protective order preventing
23 disclosure. The Receiving Party shall not disclose the document unless the Designating
24 Party has failed to file a motion within the time allowed or the Court denies the motion.

25     6.    Any party may object to the propriety of the designation of documents as
26 "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and setting forth in
27 writing the grounds for the objection. The Designating Party shall respond to the Receiving
28

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333

1  Party's objection within seven calendar days unless the Receiving Party agrees to a longer
2  period. If an agreement is not reached, counsel for the Receiving Party and counsel for the
3  Designating Party shall within five court days of the Designating Party's response meet and
4  confer in person or telephonically, during which meeting and conference counsel for the
5  Receiving Party shall specify the grounds for objection with respect to each document at
6  issue. If the parties cannot agree, then the Designating Party will then have ten calendar
7  days after the conference of counsel to file a motion to preserve the confidentiality
8  designation. The burden of proof to demonstrate confidential treatment of any information
9  at all times remain with the Designating Party. The parties shall treat the documents as
10 the subject to this Stipulation and Order unless the Designating Party has failed to file a
11 motion within the time allowed or the Court has denied the motion.
12     7.     Before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO
13 PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 3, counsel
14 of record for the Receiving Party shall advise that person of the terms of this Stipulation
15 and Protective Order and that he or she is bound by those terms. In addition, before
16 disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER"
17 to any person identified in subparagraphs (d), (e), or (f) of paragraph 3, counsel for the
18 Receiving Party shall ensure that the person (1) has read and agrees to the terms of this
19 Protective Order and (2) has acknowledged his or her agreement by signing a copy of the
20 attached Acknowledgment before any such document is disclosed to him or her:

21                               ACKNOWLEDGMENT
22         I have read the Stipulation and Protective Order Governing
23         Documents Produced by the Parties in this case. I understand
24         its terms and agree to be bound by the terms of the Protective
25         Order. I understand that my duties under the Protective Order
26         will survive the termination of this case and that failure to
27         comply with its terms may result in the District Court
28
                              Page 4

imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

8. Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

9. Any person receiving access to a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the document, and any information derived from the document in a confidential manner and shall take steps to avoid disclosure to persons not authorized under this Order to have access to the documents or information.

10. Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each document filed with the Court that contains or refers to any of the designated documents. Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to disclose any attorney work-product to opposing counsel.

11. In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such documents shall leave the deposition room until completion of the answers referring to the document and the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

12. If any party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal.

13. Nothing in this Stipulation and Protective Order prevents any party from challenging any assertion of privilege by any party, and nothing in this Stipulation and Protective Order constitutes a waiver of any assertion of privilege by any party or precludes any party from moving for consideration of information *ex parte* and *in camera*.

14. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

Dated this 4 day of June, 2012.

FREEMAN & ASSOCIATES

_____
Robert W. Freeman, Esq.
Nevada Bar No. 3062
1060 Wigwam Parkway
Henderson, Nevada 89074
Attorney for Defendants

Dated this 4th day of June, 2012.

E. BRENT BRYSON, LTD.

_____
E. Brent Bryson, Esq.
Nevada Bar No. 4933
3202 West Charleston Blvd.
Las Vegas, Nevada 89102
Attorney for Plaintiff

**ORDER**

IT IS SO ORDERED.

Dated this 6 day of June, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

Page 6